## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

THE WHITING-TURNER CONTRACTING
COMPANY and UNITED STATES
FIDELITY AND GUARANTY COMPANY,

     Appellants,                       Case No.: 8:06-CIV-114-T-17-MSS

v.

ELECTRIC MACHINERY
ENTERPRISES, INC.,

     Appellee.

_____/

## ORDER

This cause is before this Court on the bankruptcy appeal filed by The Whiting-Turner
Contracting Company and United States Fidelity and Guaranty Company (Docket No.
12) and response thereto (Docket No. 29).

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Electric Machinery Enterprises (EME) performed work for the Whiting-Turner
Contracting Company (Whiting-Turner) as an electrical subcontractor on the Universal
City Development Partners (UCDP) "Seuss Landing" project in Orlando, Florida. During
completion of the project, both Whiting-Turner and EME suffered schedule delays and
increased costs for which Whiting-Turner pursued claims against UCDP, in 1999, for
itself and on behalf of its subcontractors, including a "pass-through" claim submitted by
EME in the amount of $5,001,644.00. EME and Whiting-Turner entered into a Tolling
Agreement that included, *inter alia*, a clause providing for binding arbitration between
the parties. Both before and after the Tolling Agreement, Whiting-Turner made several
advance payments to EME which totaled $1,845,451.00. In 2004, Whiting-Turner settled
with UCDP for $9,600,000.00 and informed EME that Whiting-Turner considered the
subcontract to be paid in full and concluded.

EME initiated this adversary proceeding, in bankruptcy court, claiming it did not
receive its pro-rata share of the settlement between Whiting-Turner and UCDP and is
therefore owed $5,081,286.00 in principal, plus $2,328,423.00 by Whiting-Turner. EME
moved for summary judgment, alleging that this is an action for turnover of property of
the estate. Whiting-Turner moved to compel arbitration pursuant to the clause in the

Case No.: 8:06-CIV-114-T-17-MSS

Tolling Agreement. The Bankruptcy Court denied in part the Motion for Summary Judgment, ruling that the case was not a turnover proceeding because the claim was not liquidated. The Bankruptcy Court also denied the Motion to Compel Arbitration, concluding that the funds in dispute were subject to a constructive trust, that the determination of the *res* of such a constructive trust is a core proceeding, and that arbitration in those circumstances would be inappropriate. Whiting-Turner has taken this interlocutory appeal from the Bankruptcy Court's denial of their Motion to Compel Arbitration.

## JURISDICTION

The arbitration agreement in this dispute is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §1, *et seq*.  Appellants have a right to appeal the Bankruptcy Court's denial of their Motion to Compel Arbitration under the FAA's Appeal Statute which provides that, "An appeal may be taken from…an order denying an application…to compel arbitration." 9 U.S.C. §16(a). This District Court has jurisdiction to hear this appeal under 28 U.S.C. §158(a).

## STANDARD OF REVIEW

This Court reviews the **Bankruptcy** Court's undisputed findings of fact under the clearly erroneous standard of review and conclusions of law under the de novo standard of review. As stated by this Court, "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Lightner v. Lohn*, 274 B.R. 545, 548.

## DISCUSSION

I.      The Bankruptcy Court's finding of a constructive trust was not clearly erroneous.

Appellants argue that, contrary to the Bankruptcy Court's order, there is no constructive trust in favor of EME. "To impose a constructive trust, there must be (1) a promise, express or implied, (2) transfer of the property and reliance thereon, (3) a confidential relationship and (4) unjust enrichment." *Provence v. Palm Beach Taverns, Inc.*, 676 So.2d 1022, 1025 (Fla. Dist. Ct. App. 1996). The Bankruptcy Court found that Whiting-Turner was collecting money for itself and its subs, that Whiting-Turner was

going to distribute the money, that if Whiting-Turner did not distribute the money it would be unjustly enriched, and that these facts would be grounds for imposing a constructive trust. After due consideration, it is the conclusion of this Court that sufficient facts exist to support the Bankruptcy Court's determinations. The Bankruptcy Court committed no reversible error in finding a constructive trust.

II.   The Bankruptcy Court's conclusion that it had jurisdiction over the determination of the *res* of a constructive trust was correct.

The Bankruptcy Court was correct in finding that the determination of the trust *res* was a core proceeding. It is clear that 28 U.S.C. §157(b)(2) provides a non-exhaustive list of core proceedings, which, as the Bankruptcy Court properly notes, "is meant to get, in its essence, at the major decisions that a [b]ankruptcy [c]ourt makes in administering property of a bankrupt estate." R. Doc. 7-39, pg. 63. This district has held that "[t]he finding of a constructive trust by the bankruptcy court and a determination of the proper distribution of that trust are intimately tied to the traditional bankruptcy functions and estate, and therefore, are core matters within the clear jurisdiction of the bankruptcy court." *Maurer v. Maurer* (In re Maurer), 271 B.R. 207, 210 (Bnkr. Ct. M.D. Fla. 2002), quoting *Canal Corp. v. Finnman* (In re Johnson), 960 F.2d 396, 400 (4th Cir. 1992). It is, therefore, apparent to this Court that proceedings related to a constructive trust are core.

Section 1334(e), 28 U.S.C. §1334(e), provides district courts and bankruptcy courts with jurisdiction "of all the property, wherever located, of the debtor…and of the property of the estate."  The Bankruptcy Court based its jurisdictional determination in this case on a recent United States Supreme Court decision which interpreted §1334(e), *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 124 S.Ct. 1905 (2004). The *Hood* case held that "A bankruptcy court's *in rem* jurisdiction permits it to 'determin[e] all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is 'one against the world.'" *Id*. at 448, 1911.  The *Hood* decision was applied in the Eleventh Circuit in *In re Lake Worth Generation, LLC*, 318 B.R. 894 (Bnkr. S.D. Fla. 2004). The *Lake Worth* court stated that "[t]he bankruptcy court's *in rem* jurisdiction is nearly plenary…." *Id*. at 902. The *Hood* and *Lake Worth* decisions make clear that the Bankruptcy Court's jurisdiction is expansive and certainly includes the determination of the *res* of a constructive trust where the *res* would be the

Case No.: 8:06-CIV-114-T-17-MSS

property of a bankrupt estate. This Court thus concludes that the Bankruptcy Court properly found that the determination of the trust *res* was a core proceeding within its jurisdiction.

    III.    The Bankruptcy Court's determination that arbitration would not be appropriate in this case was not an abuse of discretion.

The Bankruptcy Court, through its jurisdiction over this matter, had discretion to determine whether arbitration would inherently conflict with the purposes of the bankruptcy code. After considering the applicable case law, the Bankruptcy Court exercised this discretion in finding that enforcing the Tolling Agreement's arbitration clause would not be appropriate in this case. It is the conclusion of this Court that there is no basis for finding an abuse of discretion in the Bankruptcy Court's determination that arbitration would be inappropriate. Accordingly, it is

**ORDERED** that the bankruptcy appeal be **denied**, and the Clerk of Court is directed to close this case and remand to the bankruptcy court.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 19th day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record